# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.              Case No. 18-1166-JWB

$64,480.00 in UNITED STATES CURRENCY,

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Movant Troy Tompkins's motion for return of property (Doc. 10). The motion has been fully briefed and is ripe for decision.[1] (Doc. 12.) Tompkins's motion is DENIED for the reasons stated herein.

### I. Facts and Procedural History

On June 8, 2018, Plaintiff filed this action seeking forfeiture of Defendant $64,480 in United States Currency (the "property") on the basis that the property was furnished or intended to be furnished in exchange for a controlled substance or constitutes proceeds traceable to violations of the Controlled Substances Act. (Doc. 1.) This court entered a warrant of arrest in rem and order for notice requiring the government to provide notice to all persons who may have an interest or claim in the property. (Doc. 3.) The order further provided that a potential claimant must file a claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant

---

[1] Tompkins has not filed a reply brief and the time for doing so has now passed.

under penalty of perjury, be filed with this court and a copy served on the government attorney handling the case. (*Id.*)

On July 7, 2018, Plaintiff served a notice of this forfeiture action on Troy Tompkins. (Doc. 6.) The notice instructed Tompkins on how to file a claim pursuant to Rule G(5). (Doc. 12.) Tompkins, however, has not filed a claim with this court. Plaintiff indicated that Tompkins sent correspondence to Plaintiff titled "Notice of Property Claim and Demand for Specific Performance." (Doc. 12 at 3.) On September 17, 2018, counsel for Plaintiff sent Tompkins a letter indicating that the deadline to file a claim had passed but agreed to allow additional time for Tompkins to file a claim with the court pursuant to Rule G. Tompkins has not done so.

On October 20, Tompkins filed a motion for return of property pursuant to Fed. R. Crim. P. 41(g).

**II.     Analysis**

This matter is a civil forfeiture action. Rule 41(g) is a criminal procedural rule. Rule 41(g) is not available in a civil forfeiture proceeding if the movant has an adequate remedy at law. *United States v. Roberts*, 282 F. App'x 735, 736–37 (10th Cir. 2008). Tompkins has an adequate remedy as he can file a claim in this action and challenge the forfeiture of the property.

As it appears that Tompkins, who is proceeding pro se, has been confused by this proceeding and the required filings, the court will extend his time to file a claim in this matter. Tompkins will be allowed 21 days from the date of this order to file a claim. The instructions for filing a claim are as follows:

> [I]n order to avoid civil forfeiture of the property, any person claiming an interest in, or right against, the property must file a claim in this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The claim shall identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and a copy served on the government attorney handling the case…. In addition, any person having

filed such claim shall also serve and file an answer to the complaint no later than twenty-one (21) days after the filing of the claim.

All claims, answers and motions for or concerning the defendant property shall be filed with the Office of the Clerk, United States District Court, 401 N. Market, Room 204, Wichita, Kansas 67202, with copies thereof sent to Special Assistant United States Attorney Sean M.A. Hatfield, 301 N. Main, Suite 1200, Wichita, Kansas 67202.

(Doc. 3 at 2.)

Should Tompkins fail to timely file a claim, Plaintiff may move for default judgment. Any motion for an extension of time to file a claim must be sought prior to the deadline imposed in this order.

### III. Conclusion

Tompkins's motion for return of property (Doc. 10) is DENIED. Within 21 days of the date of this order, Tompkins must file a claim with this court if he claims an interest in the property.

IT IS SO ORDERED this 20th day of November, 2018.

                                                   s/ John W. Broomes
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE