IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 18-1166-JWB

$64,480.00 IN UNITED STATES
 CURRENCY, More or less,

        Defendant,

and

TROY TOMPKINS,

        Claimant.

## MEMORANDUM AND ORDER

        This matter is before the court on Claimant Troy Tompkins' motion for summary judgment (Doc. 17.)  The United States has filed a response (Doc. 18.)  No reply was filed within the time permitted by rule.  Accordingly, the matter is ripe for decision.  For the reasons stated herein, Claimant's motion (Doc. 17) is DENIED.

### I. Background

        The government alleges that on February 12, 2018, following a traffic stop, the Kansas Highway Patrol seized $64,480.00 in United States currency from a vehicle driven by Troy Tompkins in Kearney County, Kansas.  (Doc. 1 at 2.)

        On February 26, 2018, U.S. Magistrate Judge Kenneth Gale issued a seizure warrant for the $64,480.00 and other property, based upon a finding of probable cause that the property was

subject to forfeiture pursuant to 21 U.S.C. §§ 853 and 881(a)(6).[1]  *See In re Approximately $64,480.00 in United States Currency, et al.,* D. Kan. No. 18-M-6036-01-KGG (Doc. 2.)

On June 8, 2018, the United States initiated the instant judicial civil forfeiture action by filing a complaint. (Doc. 1.)  The complaint alleged the Defendant property is subject to forfeiture under 21 U.S.C. § 886(a)(6) because it constitutes: 1) money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.  (*Id.* at 3.)   A declaration attached to the complaint described the circumstances allegedly supporting forfeiture.  (*Id.* at 6-7.)  After reviewing these materials, the court found probable cause to believe the Defendant property is subject to forfeiture and, on June 12, 2018, it issued a warrant of arrest in rem for the property.  (Doc. 3.)

On October 20, 2018, Tompkins filed a motion for return of the property, citing Fed. R. Crim. P. 41(g), and arguing that because criminal charges against him had been dropped, "the government no longer has any legitimate reason to continue its hold on the property…." (Doc. 10 at 3.)  On November 20, 2018, the court denied that motion, noting that Fed. R. Crim. P. 41(g) has no application in this civil proceeding, and it directed Tompkins to file a claim if he was asserting an interest in the Defendant property.  (Doc. 14.)  Tompkins filed his claim on December 1, 2018, asserting that the property was no longer subject to forfeiture because the charges against him had been dismissed.  (Doc. 15 at 2.)  He further asserted that Plaintiff had not filed its complaint within the 90-day period provided for in 18 U.S.C. § 983(a)(3)(A).  (*Id.* at 2-3.)  The claim prayed for return of the Defendant property.  (*Id.* at 3.)

---

[1] Other property was seized during the traffic stop, including silver coins and a silver bar, but that property was subsequently returned to Claimant. *See In re Approximately $64,480.00 in United States Currency, et al.,* D. Kan. No. 18-M-6036-01-KGG (Doc.5.)

## II. Motion for summary judgment

Although Claimant's current motion is labeled as one for summary judgment, it does not contain a statement of uncontroverted facts, and it appears to seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Doc. 15 at 2.) Under Rule 12(b)(6), the issue is whether the complaint states sufficient facts to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

Claimant's motion asserts that Plaintiff was required to file its complaint for forfeiture "within 90 Days of filing its claim." (Doc. 17 at 1) (citing 18 U.S.C. § 983(a)(3)(A)). Claimant argues that Plaintiff "made claim by SEIZURE WARRANT on February 26, 2018" but did not file its complaint until 102 days later, on June 6, 2018. (*Id.*) Claimant further argues Plaintiff cannot meet its burden of proof because criminal charges against him have now been dismissed. (*Id.* at 2.)[2] Claimant accordingly seeks return of the Defendant property and summary judgment in his favor. The court finds these arguments are unavailing.

Claimant's first argument is based on a misreading of 18 U.S.C. § 983(a)(3)(A). That section provides in part that "[n]ot later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture…." The "claim" referred to is not one by the government, as Claimant suggests, but by "any person claiming property seized in a nonjudicial [i.e., administrative] civil forfeiture proceeding…." *Id.*, § 983(a)(2)(A). In other words, the government's complaint had to be filed no later than 90 days after Claimant (or some other person) made a claim to the property in an administrative (agency) forfeiture proceeding. But Claimant does not allege or cite evidence that he submitted any such administrative claim. The government

---

[2] This allegation apparently refers to criminal charges initially brought and then dismissed by the State of Kansas in Kearney County District Court. *See* Doc. 13 at 1.

asserts that it never initiated an administrative forfeiture, and that "[n]o person, including [Claimant], ever filed a claim with DEA because there was no DEA administrative proceeding." (Doc. 18 at 3.) Accordingly, Claimant has not shown an entitlement to judgment based on the 90-day time limit in § 983(a)(3)(A).

Claimant's second argument is based on a misunderstanding of the requirements for civil forfeiture under 21 U.S.C. § 881(a)(6). The dismissal of criminal charges against Claimant does not preclude the government's claim for civil forfeiture. The government "is not required to show that the claimant was convicted of a crime related to the seized property" and, likewise, a "dismissal of criminal charges does not affect the Government's ability to pursue a civil forfeiture action, even if the civil forfeiture arises from the same activity." *United States v. $12,900 in U.S. Currency*, 803 F. Supp. 1459, 1465 (S. D. Ind. 1992) (citations omitted.) *See also United States v. Sandini*, 816 F.2d 869, 872 (3rd Cir. 1987) (in a civil forfeiture, "[t]he innocence of the owner is irrelevant – it is enough that the property was involved in a violation to which forfeiture attaches.")

IT IS THEREFORE ORDERED this 20th day of February, 2019, that Claimant's Motion for Summary Judgment (Doc. 17) is DENIED.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE