IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 18-1166-JWB

$64,480.00 IN UNITED STATES
CURRENCY, *More or less,*

    Defendant,

and

TROY TOMPKINS,

    Claimant.

**MEMORANDUM AND ORDER**

This matter is before the court on Claimant's motion to dismiss. (Doc. 21.) The government has filed a response. (Doc. 25.) No reply has been filed and the time for doing so has expired. For the reasons stated below, Claimant's motion to dismiss (Doc. 21) is DENIED.

**I. Facts**

The complaint alleges that the defendant property, $64,480.00 in cash, was seized by the Kansas Highway Patrol on February 12, 2018, during a traffic stop of a vehicle driven by Claimant on U.S. Highway 50 in Kearny County. (Doc. 1 at 2.) The complaint alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because "it constitutes 1) money … furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money … used or intended to be used to facilitate a violation of the Controlled Substances Act." (*Id.* at 3.)

An affidavit attached to the complaint adds the following allegations. At the time of the stop, Claimant "appear[ed] to be under the influence of drugs or alcohol," he "refused to exit the vehicle to perform field sobriety testing or speak further" with the officer, and Claimant "pull[ed] a vacuum sealed bundle of U.S. Currency out of a briefcase and quickly shove[d] it into his pants." The officer obtained a search warrant for the vehicle and found $55,080 in two vacuum sealed bags that "had been sprayed with some type of chemical emitting a strong odor," as well as $9,400 in currency from the bag in Claimant's pants. The officer also found "[f]our large empty duffel bags emitting the smell of raw marijuana" in the trunk. (Doc. 1 at 6-7.)

## II. Motion to dismiss

Claimant contends the complaint fails to state a claim for which relief can be granted because it fails to inform Claimant "in sufficient detail of the specific exchange the defendant property is charged with being used in…." (Doc. 21 at 2.) Claimant argues "[t]here is no reason to believe the government will be able to meet its burden of proof at trial with no charges pending against anyone with respect to an exchange, intended exchange or intent to violate" the Controlled Substances Act. (*Id.* at 4-5.) Claimant also argues the claim should be dismissed because the forfeiture of this property "is an excessive fine and as such is prohibited by the [Eighth Amendment.]" (*Id.* at 5.)

## III. Standards

A. *Failure to state a claim*. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") apply to in rem forfeiture actions such as this. Fed. R. Civ. P. Supp. R. A(1)(A)(vi). The Federal Rules of Civil Procedure also apply except where they are inconsistent with the Supplemental Rules. *Id.* at A(2). The Supplemental Rules allow a claimant with standing to assert a motion to dismiss a forfeiture action under Fed. R. Civ.

P. 12(b)(6). *See* Fed. R. Civ. P. Supp. R. G(b)(i). To survive a Rule 12(b)(6) motion to dismiss, a complaint ordinarily must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). The Supplemental Rules, however, impose heightened pleading standards that the government must meet to survive a motion to dismiss a forfeiture action under Rule 12(b)(6). *United States v. $32,100 in United States Currency,* No. 16-1339-EFM-JPO, 2017 WL 1062481, *2 (D. Kan. Mar. 21, 2017). Those rules require the complaint to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

B. *Excessive fines*. Civil forfeiture actions may be subject to the limitations of the Excessive Fines Clause of the Eighth Amendment. *Austin v. United States*, 509 U.S. 602, 622 (1993) (applying Eighth Amendment to forfeiture under § 881(a)(7)). The Eighth Amendment is violated if a punitive forfeiture "is grossly disproportionate to the gravity of a defendant's offense." *United States v. Bajakajian.* 524 U.S. 321, 334 (1998). Claimant has the burden to show that forfeiture of the Defendant property would be constitutionally excessive. *See* 18 U.S.C. § 983(g) (burden is on claimant to show gross disproportionality by preponderance of evidence.)

The Supplemental Rules provide that a claimant may seek to mitigate a forfeiture under the Excessive Fines Clause "by motion for summary judgment or by motion made after entry of a forfeiture judgment if: (i) the claimant has pleaded the defense under Rule 8; and (ii) the parties have had the opportunity to conduct civil discovery on the defense." Fed. R. Civ. P. Supp. R. G(e).

**IV. Analysis**

A. *Failure to state a claim.*  To sustain its claim at trial, the government must show by a preponderance of the evidence that the Defendant money was furnished or intended to be furnished by someone in exchange for a controlled substance, that the money is traceable to such an exchange, or that it was used or intended to be used to facilitate a violation of the federal drug laws. 21 U.S.C. § 881(a)(6); 18 U.S.C. § 983(c)(1) (burden is on the government to prove by a preponderance of the evidence that the property is subject to forfeiture.) Under § 881(a)(6), this requires proof of a substantial connection between the Defendant currency and drug trafficking. *United States v. $252,300 in U.S. Currency,* 484 F.3d 1271, 1273 (10th Cir. 2007). But contrary to Claimant's suggestion, the government need not prove the existence of a specific drug transaction to prevail on its claim. *United States v. Funds in the Amount of $100,120.00*, 901 F.3d 758, 768 (7th Cir. 2018); *United States v. $64,895 in U.S. Currency*, No. 10-1434-RDR, 2013 WL 2406095, *1 (D. Kan., May 31, 2013) (citing *United States v. $21,055 in U.S. Currency*, 778 F. Supp.2d 1099, 1103 (D. Kan. 2011)). Nor does the absence of any pending criminal charge pertaining to the money preclude the government from meeting its burden of proof. *See United States v. $12,900 in U.S. Currency,* 803 F. Supp. 1459 (S.D. Ind. 1992) ("an acquittal or dismissal of criminal charges does not affect the Government's ability to pursue a forfeiture action"). *Cf. United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 366 (1984) ("a gun owner's acquittal on criminal charges involving firearms does not preclude a subsequent in rem forfeiture proceeding against those firearms").

The government's complaint, as amplified by the affidavit attached to it, provides sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. The allegations include: transportation of a large amount of cash;

4

packaging of the money in vacuum-sealed bundles; apparent application of a strong scent to the money's packaging material; an alert on the currency by a drug detection dog; and four large empty duffel bags emitting the smell of raw marijuana. Similar allegations have previously been found to support, to one degree or another, an inference of unlawful drug trafficking. *See $252,300.00 in U.S. Currency*, 484 F.3d at 1271 (a large amount of currency is strong evidence of connection to a drug transaction; wrapping cash in cellophane-type materials is known to be used by drug traffickers to prevent discovery by drug-sniffing dogs; and an odor of marijuana is probative of a link between the money and drug trafficking); *Abbo v. Wyoming,* 596 F. App'x 709, 713 (10th Cir. 2014) ("we have held confounding smells are often used as masking agents to conceal the odor of drugs and therefore bolster, rather than defeat, a finding of probable cause"). Because the government may be able to meet its burden at trial, Claimant's motion to dismiss the complaint is denied.

    B. *Excessive fine*. The government contends Claimant's motion is premature insofar as it asserts that forfeiture would constitute an excessive fine. The court agrees. As noted previously, such an argument may be made by motion only when the claimant has pleaded the defense under Rule 8 and the parties have had the opportunity to conduct discovery on the defense. Fed. R. Civ. P. Supp. R. G(8)(e). Neither of those conditions is satisfied. Claimant has not pleaded the defense (*see* Docs. 13, 15) and the parties are only now beginning to engage in discovery. *See* Doc. 27.

**V. Conclusion**

Claimant's motion to dismiss (Doc. 21) is DENIED. IT IS SO ORDERED this 31st day of May, 2019.

                                      ____s/ John W. Broomes_____
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE